**R. K. COOPER, Inc., et al v. LARSON, Insurance Commissioner.**

Circuit Court, Leon County.

September 30, 1955.

Welsh, Cornell & Ross, Miami, for plaintiffs.

Richard W. Ervin, Attorney General, for defendant.

Smathers, Thompson, Maxwell & Dyer, Miami, and Ausley & Ausley, Tallahassee, for the intervenors.

HUGH M. TAYLOR, Circuit Judge.

This cause came on to be heard before the court on April 29, 1955 upon motion of the defendant to dismiss the complaint and the petitions of the intervenors for an order permitting them to intervene in the cause, the parties, including the intervenors, being represented by their respective counsel. After hearing argument of counsel the court announced that the pleadings involved only legal questions, that to expedite the matter the court would hear argument of counsel concerning such questions, the following being understood—that the complaint would be amended by adding as a party plaintiff a licensed resident insurance agent, that the motion to dismiss would be denied but that defendant would file a motion for a summary decree, and that the intervenors' petition would be granted. Respective counsel agreed to conform the pleadings to the suggestions, and the cause was thereupon argued on final hearing.

Since said hearing an order denying the motion to dismiss and granting petitions to intervene has been entered, and the pleadings have been conformed to meet the requirements of the mentioned understanding.

The complaint in effect seeks the declaratory decree of the court construing the effect and validity of certain rules promulgated by the defendant on May 10, 1954, effective June 1, 1954, under his asserted rule-making powers provided by section 627.73, Florida Statutes 1953, to effectuate and apply the provisions of section 627.92 with respect to the lending of money on the security of mortgaged property requiring the furnishing of insurance coverage. The plaintiffs and intervenors contend that such rules are invalid for the reason that they contravene the clear intent and purpose of section 627.92, and for the further reason that they are unconstitutional. A copy of the rules is attached as an exhibit to the complaint.

Rules 3, 4 and 5 have been challenged in this proceeding.

Rule 3 provides—

> The lender has the right to select the type of insurance company (mutual, stock, reciprocal) whose policies will be acceptable. The lender also may prescribe reasonable requirements regarding the financial structure and stability of the company, including re-insurance agreements. In prescribing these requirements the adequacy of the insurance coverage provided by an insurance company may be taken into consideration.

> The lender may in his discretion accept the insurance policy of any insurance company domiciled in Florida without specifying any requirements with the Insurance Commissioner.

Rule 4 provides—

> The borrower shall have the right to submit to the lender a list containing a reasonable choice of agencies selected by the borrower, who will write the insurance in connection with the loan. The number of agencies comprising a "reasonable choice" shall be construed to be a minimum of five (5) agencies, if such number exist, for each 50,000 population, or fractional part thereof, within the county in which the lender is located, having a population of less than 200,000, according to the latest official census, and in all counties where such population exceeds 200,000, such minimum number shall be not less than twenty-five (25).

> If none of the agencies submitted by the borrower are acceptable to the lender, then in that event, the lender shall submit an equal number of agencies to the borrower for consideration.

> The lender has the right to refuse insurance policies written by agents not located within the trade area normally served by the lender.

Rule 5 provides—

> If an agency submitted by the borrower is acceptable to the lender, the borrower must have available prior to the day of the closing of the loan and at the time specified by the lender, the policy (or acceptable binder) and coverage agreed upon.

The purpose of section 627.92 is apparent. It provides that a lender of money may not coerce a borrower to "negotiate any policy of insurance . . . through a particular insurance company, agent, solicitor or broker;" hence, it prohibits a combination resulting in the suppressing of fair competitive practices in the field of insurance. The language of the statute is not to be given a construction beyond its clear and unambiguous meaning. It is determined that there is nothing in the statute which attempts to divest a lender of money from designating the *type* of insurer he will accept, viz., stock, mutual or reciprocal, as provided in rule

3, but, it is also and further determined that a borrower is to be free to select the insurance agent of his choice, whose principal meets the requirements which the lender may prescribe under section 627.92, and any interference in such choice by a lender is violative of the clear intent of the statute.

In the light of the apparent stated purpose of this statute it is determined that the defendant was functioning within his legal authority in the promulgation of rule 3. On the other hand, it is determined that there appears to be no authority or "legislative standards" in section 627.92 to authorize or to support the validity of the provisions of the first two paragraphs of rule 4; further, it would appear that such paragraphs of said rule in practical operation conceivably could defeat the purpose of section 627.92.

The final paragraph of rule 4 is lawful. In reaching this conclusion the court construes the words "trade area" as used therein are not intended to and do not relate in any event to an area smaller than a county.

With respect to rule 5, the attorney for the defendant insurance commissioner has stated to the court that he will recommend to the defendant that he amend said rule by deleting therefrom the words "an agency" and inserting in lieu thereof the word "insurance"—and such rule as so amended will be held valid by this court.

It is thereupon ordered, adjudged and decreed—

(1)   That rule 3 to the extent of its subject matter, properly construes the legal effect of section 627.92, that since the provisions thereof provide and contemplate a valid application of section 627.92 such provisions could occasion no damage to the plaintiffs or intervenors, hence said rule properly may not be challenged by them.

(2)   That for the reasons set forth above the defendant had no authority to promulgate the first two paragraphs of rule 4, that they are invalid and should immediately be stricken by the defendant by entry of an appropriate order by him.

(3)   That the last paragraph of rule 4 is valid, conditioned upon the court's construction thereof as above set forth.

(4)   That rule 5 will be held to be valid provided that the same is amended by the defendant insurance commissioner deleting therefrom the words "an agency" and inserting in lieu thereof the word "insurance."